**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTOINE L. FOWLER,

    Plaintiff,

    v.

SHERIFF DEPUTY WARD,

    Defendant.

_____/

No. C 13-5628 NC (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a prisoner at the San Francisco County Jail (SFCJ), has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that San Francisco Sheriff Deputy Ward ("Deputy Ward") violated plaintiff's constitutional rights by subjecting plaintiff to a strip search in the presence of a female staff member in August 2013. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**1.   Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from

such relief.  See id. at § 1915A(b).  Pro se pleadings must be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**2. Legal Claims**

According to the complaint, on August 24, 2013, plaintiff was escorted to the medical area of SFJC for a strip search.  There were five deputies present, including a female deputy – Sergeant Kester.  Deputy Ward ordered plaintiff to remove all his clothing.  Deputy Ward then ordered plaintiff to bend over, spread his buttocks, and cough two times.  Deputy Ward ordered plaintiff to repeat this act several times – all in the presence of the other four deputies.  Plaintiff filed an inmate grievance arguing that there was no need for a female deputy to be present.  The grievance was denied on the ground that Sgt. Kester was the Facility Commander, making it appropriate for her to be present during the search.

Plaintiff alleges that the presence of an officer of the opposite gender violated the Fourth Amendment's proscription against unreasonable searches and seizures.  Although

1 plaintiff originally named Sergeant Kester as a defendant, he subsequently dismissed her,
2 leaving Deputy Ward as the sole defendant in this action.  (See Dkt. No. 10.)

3    A cross-gender strip search that involves touching the inmate's genitalia and searching
4 inside his anus is unreasonable as a matter of law in a non-emergency situation.  Byrd v.
5 Maricopa Cnty. Sheriff's Dep't, 629 F.3d 1135, 1142 (9th Cir. 2011) (en banc).  Although a
6 cross-gender strip search is unreasonable, that does not mean that all cross-gender searches
7 are unreasonable, or that prisoners of one gender may not be guarded by guards of the other
8 gender.  Thus, the holding in Byrd is not inconsistent with the earlier holding in Grummett v.
9 Rushen, 779 F.2d 491, 494 (9th Cir. 1985), that upheld a system of assigning female officers
10 within a correctional facility such that they occasionally viewed male inmates in various
11 states of undress and conducted routine pat-downs of fully clothed inmates.  See Byrd, 629
12 F.3d at 1142.  Assigned positions of female guards that require only infrequent and casual
13 observation, or observation at a distance, of unclothed male prisoners and that are reasonably
14 related to prison needs are not so degrading as to warrant court interference.  See
15 Michenfelder, 860 F.2d 328, 334 (9th Cir. 1988); see also Jordan v. Gardner, 986 F.2d 1521,
16 1524-25 (9th Cir. 1993) (en banc) (privacy interest in freedom from cross-gender clothed
17 body searches not "judicially recognized"); cf. Johnson v. Phelan, 69 F.3d 144, 147 (7th Cir.
18 1996) ("There are too many permutations to place guards and prisoners into multiple classes
19 by sex, sexual orientation, and perhaps other criteria, allowing each group to be observed
20 only by the corresponding groups that occasion the least unhappiness").  The issue is whether
21 officers regularly or frequently observe unclothed inmates of the opposite gender without a
22 legitimate reason for doing so.  See Michenfelder, 860 F.2d at 334.

23    Here, plaintiff alleges only one instance when he was observed unclothed by a female
24 officer.  It is clear that the female officer did not personally perform the strip search.
25 Specifically, plaintiff states in his notice of voluntary dismissal of Sgt. Kester that he "sees
26 no constitutional violation on Sgt. Kester['s] behalf, [and] Sgt. Kester was only in the safety
27 cell when [the] constitutional violation occurred."  (See Dkt. No. 10.)  Further, there is no
28 indication that strip searches in the presence of female staff at SFCJ occurred regularly or

frequently. As a result, plaintiff's allegations do not rise to the level of a violation of his Fourth Amendment rights. Accordingly, his complaint is DISMISSED for failure to state a claim under § 1983.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED. Leave to amend will not be granted as it appears amendment would be futile.

The Clerk is directed to enter judgment in accordance with this order and close the file.

IT IS SO ORDERED.

DATED: March 10, 2014

NATHANAEL M. COUSINS
United States Magistrate

4